UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GJERGJ G., | Civil Action No. 19-5059 (SDW) |
| Petitioner, | |
| v. | OPINION |
| RONALD P. EDWARDS, et al., | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the amended petition for a writ of habeas corpus of Petitioner, Gjergj G., filed pursuant to 28 U.S.C. § 2241. (ECF No. 6, 9). The Government filed a response to the Petition (ECF No. 10), to which Petitioner has replied (ECF No. 11). Also before the Court is Petitioner's motion seeking the entry of an order to show cause (ECF No. 3). For the following reasons, this Court will grant Petitioner's habeas petition and direct an immigration judge to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days. Petitioner's motion seeking an order to show cause shall in turn be denied as moot.

**I. BACKGROUND**

Petitioner is a native and citizen of Albania who entered this country in September 2017 via the Visa Waiver Program using a forged Hungarian passport. (ECF No. 1 at 2; Document 1 attached to ECF No. 10 at 3). Petitioner was initially given permission to remain in the United States until December 19, 2017. (Document 1 attached to ECF No. 10 at 3). Petitioner remained in the United States beyond December 2017, and was arrested and taken into immigration custody on August 1, 2018. (*Id.*). Petitioner has remained in custody without a bond hearing since that

time while he has litigated his applications for asylum before an immigration judge. (ECF No. 10 at 5).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his amended petition, Petitioner contends that his ongoing detention without release or a bond hearing violates Due Process. In order to address this claim, this Court must determine the statutory basis for Petitioner's detention. The Government argues that because Petitioner entered the country pursuant to the Visa Waiver Program ("VWP"), Petitioner is subject to detention pursuant to 8 U.S.C. § 1187. The Government bases this argument on the BIA's interpretation of the VWP statute in its decision in the *Matter of A.W.*, 25 I&N Dec. 45 (BIA 2009).

As this Court has explained,

the VWP is a special program which permits aliens from certain specified countries to enter the United States for a period of up to ninety days without first obtaining a visa. *See Shehu v. Att'y Gen.*, 482 F.3d 652, 654 (3d Cir. 2007). While the VWP makes a brief visit to this country more expedient, that expediency comes at a cost – VWP entrants voluntarily waive their right to challenge the basis for their removal and are permitted to challenge their removal only by way of an application for asylum, withholding of removal, or relief under the Convention Against Torture. *Id.*; *see also* 8 U.S.C. § 1187(b). As a result, a final order denying those three forms of relief is considered a final removal order for VWP entrants, and they may be removed without further process once such an administratively final order is issued. *See Sutaj v. Rodriguez*, No. 16-5092, 2017 WL 66386, at *2 (D.N.J. Jan. 5, 2017). These special restrictions apply to all who enter the United States through the VWP, even those who do so fraudulently. *Id.*

While 8 U.S.C. § 1226 and its various subsections provides the basis for the detention of most aliens during the pendency of their removal proceedings prior to the issuance of a final order of removal, the BIA determined in *A.W.* that VWP aliens are not subject to detention under § 1226, but are instead detained pursuant to 8 U.S.C. § 1187(c)(2)(E). 25 I. & N. Dec. at 47-48. The BIA based this decision on the fact that the authority to grant bond vested in immigration judges is limited, that such authority arises only in the context of areas where that authority has been explicitly delegated to them by the Attorney General, and that the authority to conduct bond hearings which had been delegated arose only in standard removal proceedings following a notice to appear where the alien's detention is controlled by the subsections of 8 U.S.C. § 1226. *Id.* Without detailed explanation, the BIA distinguished VWP aliens by stating that "the statutory authority for [a VWP alien's] detention is contained in . . . 8 [U.S.C. §] 1187(c)(2)(E) . . . not . . . 8 U.S.C. § 1226." *Id.* at 47. The BIA explained this determination merely by noting that the authority to grant bond to aliens "detained" pursuant to § 1187 no longer belonged to the Attorney General, and thus had not been delegated to the immigration judges who derived their authority from a delegation from the Attorney General. *Id.* at 48.

*Szentkiralyi v. Ahrendt*, No. 17-1889, 2017 WL 3477739, at *2 (D.N.J. Aug. 14, 2017).

Contrary to the BIA's determination in *A.W.*, this Court observed in *Szentkiralyi* that 8 U.S.C. § 1187(c)(2)(E) "contains no language which expressly authorizes the detention of VWP

3

aliens" sufficient to support the BIA's conclusion that the statute provides authority for the detention of VWP aliens independent of the general authority to detain aliens pending removal pursuant to 8 U.S.C. § 1226. *Id.* at 3. The only language in § 1187(c)(2)(E) concerning detention instead states that the statute was intended *not* to create any right or duty regarding the "removal or release" of detained aliens. *Id.* (quoting 8 U.S.C. § 1187(c)(2)(E). Because § 1187(c)(2)(E) is silent as to detention authority, and as Congress explicitly provided for pre-final order detention in 8 U.S.C. § 1226(a), this Court concluded in *Szentkiralyi* that the BIA's determination in *A.W.* was not entitled to *Chevron* deference. *Id.* at *3-5. In sum, this Court determined in *Szentkiralyi* that the VWP does not have its own detention provision, and the detention of an alien in asylum proceedings must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their removal proceedings – 8 U.S.C. § 1225 or 1226. *Id.* at *4-5.

The Government in this matter has failed to persuade this Court to question the determinations made in *Szentkiralyi*, and this Court will therefore give the BIA's decision in A.W. no deference in determining the basis for Petitioner's detention. Faced with essentially identical circumstances, this Court recently held in *Emila N. v. Ahrendt*, No. 19-5060, 2019 WL 1123227, at *3 (D.N.J. Mar. 12, 2019), that 8 U.S.C. § 1226(a) governed the detention of VWP violators who made an entry into the United States and have not been convicted of a crime which would give rise to mandatory detention under 8 U.S.C. § 1226(c). As this Court explained in *Emila N.*,

> this Court . . . acknowledge[s] the Government's concern that Petitioner's case does not fit neatly into any of the normal detention categories – []he is not an arriving alien subject to detention under § 1225, nor is []he truly subject to a final, executable order of removal that would subject [his] to detention under § 1231 insomuch as []he is still in asylum proceedings. Likewise, that Petitioner has not been convicted of an applicable offense prevents [his] detention under 8 U.S.C. § 1226(c) – the statute applied in *Szentkiralyi.* While the Government contends that Petitioner has not been provided with the form it believes is required to trigger § 1226(a) detention – a

4

notice to appear – that section is the only one which appears would otherwise be applicable to those such as Petitioner who remain in asylum proceedings and have not committed an applicable crime. *See Sutaj*, 2017 WL 66386 at *5. Given the background of this matter, and the purposes of the visa waiver statute in general, to reject the applicability of § 1226(a) would essentially provide Petitioner a windfall, as there would be no applicable statutory basis for Petitioner's detention if § 1226(a) were deemed inapplicable and Petitioner would be entitled to release despite [his] decision to abuse the Visa Waiver Program and obtain entry into this country under false pretenses. No such windfall is warranted by the facts of this matter, and even if Petitioner were released, the Government would be free to issue [him] a notice to appear and immediately take [him] back into custody pursuant to § 1226(a).

*Emila N.*, 2019 WL 1123227, at *3. Based on this background, this Court concluded that § 1226(a) applied to VWP violators such as the Petitioner in *Emila N. Id.*

As the facts of this matter are indistinguishable from *Emila N.*, this Court finds that Petitioner is subject to detention under 8 U.S.C. § 1226(a).[1] *Id.* As a result, Petitioner is entitled to a bond hearing, *see* 8 U.S.C. § 1226(a)(2); 8 C.F.R. §1236.1(d)(1), which shall be provided within ten days. Because Petitioner's amended petition is granted, Petitioner's motion seeking an order to show cause is hereby denied as moot.

---

[1] To the extent the Government is correct that a notice to appear is a jurisdictional requirement for § 1226(a) detention and the Visa Waiver Program arrest and detention documents Petitioner was provided previously are insufficient to meet this jurisdictional requirement, the Government shall provide Petitioner with a notice to appear prior to his bond hearing.

**III. CONCLUSION**

      For the reasons stated above, this Court will grant Petitioner's habeas petition and will direct an immigration judge to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days, and will deny Petitioner's motion seeking the entry of an order to show cause (ECF No. 3) as moot. An appropriate order follows.


Dated: March 18, 2019                                *s/ Susan D. Wigenton*
                                                                        Hon. Susan D. Wigenton,
                                                                        United States District Judge