# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GJERGJ G.,** | Civil Action No. 19-5059 (SDW) |
| Petitioner, | |
| v. | **OPINION** |
| **RONALD P. EDWARDS, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the motion of Petitioner, Gjergj G., seeking attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). (ECF No. 15). The Government filed a response to the motion (ECF No. 20), to which Petitioner has replied (ECF No. 21). For the following reasons, this Court will deny the motion.

## I. BACKGROUND

As this Court previously explained,

> Petitioner is a native and citizen of Albania who entered this country in September 2017 via the Visa Waiver Program using a forged Hungarian passport. Petitioner was initially given permission to remain in the United States until December 19, 2017. Petitioner remained in the United States beyond December 2017, and was arrested and taken into immigration custody on August 1, 2018. Petitioner has remained in custody without a bond hearing since that time while he has litigated his applications for asylum before an immigration judge.

(ECF No. 12 at 1). Petitioner therefore filed a habeas petition in this matter challenging his ongoing detention without a bond hearing, which the Government contended arose out of the Visa Waiver Program statute itself, 8 U.S.C. § 1187, relying upon the Board of Immigration Appeals'

1

decision in *Matter of A.W.*, 25 I&N Dec. 45 (BIA 2009). (*See* ECF No. 12 at 2-5). This Court ultimately granted that petition, finding, contrary to *A.W.* and in accordance with this Court's prior decision in *Szentkiralyi v. Ahrendt*, No. 17-1889, 2017 WL 3477739, at *2 (D.N.J. Aug. 14, 2017), that the Visa Waiver statute did not contain a detention provision, and Petitioner's detention should instead be construed to arise out of 8 U.S.C. § 1226(a). (ECF No 12 at 2-5). This Court therefore granted Petitioner a bond hearing. (ECF No. 13). Petitioner thereafter filed his current motion seeking several thousand dollars of attorney's fees pursuant to the Equal Access to Justice Act (EAJA). (ECF No. 15).

**II. DISCUSSION**

Petitioner seeks an award of attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A). Pursuant to that statute,

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Although the parties appear to agree that Petitioner is a prevailing party in this matter and that the EAJA would otherwise apply, the Government argues that it was "substantially justified" in its position in this matter, and that an award of fees under the statute is therefore not warranted.

As the Third Circuit has explained,

> [t]he Supreme Court has held that, as used in the EAJA, "substantially justified" does not mean "justified to a high degree" but instead means "justified in substance or in the main – that is,

> justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565[] (1988). Put another way, substantially justified means having a "reasonable basis in both laws and fact." [*Id.*] Thus, "[a] court must not assume that the government's position was not substantially justified simply because the government lost on the merits." *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001).

*Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005). In litigation arising out of immigration and removal proceedings, the government must be substantially justified in both the position taken by the agency prior to the litigation, and in the position it takes in litigation before the court. *Id.* Although a single court decision is not itself proof positive of substantial justification, that the Government's position has produced favorable decisions by other federal courts and administrative courts is an "objective indicia" of substantial justification. *Pierce*, 487 U.S. at 568-69; *Bryan v. Comm'r of Soc. Sec.*, 478 F. App'x 747, 750 (3d Cir. 2012).

In this matter, the Court finds that the Government's pre-litigation conduct of holding Petitioner without bond was substantially justified as the Government did no more than follow binding administrative decisions – specifically *A.W.* – in holding Petitioner without a bond hearing. Indeed, absent a bond order from this Court and in light of *A.W.*, the Government likely could not have done otherwise as the immigration courts have effectively ruled that neither the BIA nor the immigration judge's have authority to hold a bond hearing for Visa Waiver Program violators. *See A.W.*, 25 I&N Dec. at 47-48. The question, then, is whether the Government's decision to stand on *A.W.* before this Court was also substantially justified.

Petitioner in his motion essentially argues that the Government's arguments are not substantially justified because this Court has previously denied *A.W. Chevron* deference, *see Szentkiralyi*, 2017 WL 3477739 at *2-3, and found that the Visa Waiver statute does not have its own detention provision. Petitioner thus argues that the Government should have known that its

3

argument would not succeed in this matter, and that they therefore should not have argued their position here. This Court rejects, however, Petitioner's underlying assumption that whether a government position is substantially justified should vary depending on which district judge is assigned to the case in question. Petitioner's contention that *Szentkiralyi*, an unpublished district court case, represents the settled and binding authority which must be applied in this district is incorrect. *See, e.g., Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371, 1371 n. 7 (3d Cir. 1991) ("it is clear that there is no such thing as 'the law of the district,'" district court judges are free to disagree with prior district court decisions of other judges even where presented with essentially identical facts). Indeed, as neither the Third Circuit nor the Supreme Court have spoken on the Visa Waiver issue presented in this matter, there is no settled, binding precedent which a court in this district would be required to follow when presented with a case such as this. That Petitioner's case came before this Court, one of the few to have previously addressed the Visa Waiver detention in this district, may well have been a boon to Petitioner's case, but that alone is insufficient to render the Government's actions in this case unjustified.

As there is no binding authority to which the Government's arguments were contrary, the reasonableness of the Government's decision to oppose bond for Petitioner depends on whether their position was based on a reasonable determination of the law and facts of Petitioner's case. Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful. As discussed above, the Government's arguments arose out of binding administrative authority in the form of *A.W.* At least two district courts, one in this circuit, appear to have accepted *A.W.'s* reasoning at least in part to bar a bond hearing for Visa Waiver violators statutorily or based on applicable regulations. *See, e.g., Kleinauskaite v. Doll*, No. 17-2176, 2018 WL 6112482, at *4-10 (M.D. Pa. Oct. 9, 2018), *report*

4

*and recommendation adopted*, 2018 WL 6079544 (M.D. Pa. Nov. 21, 2018) (questioning *A.W.'s* statutory interpretation but finding persuasive *A.W.*'s holding that 8 C.F.R. 1236.1(d) deprives immigration judges of authority to hold a bond hearing); *Kim v. Obama*, No. 12-173, 2012 WL 10862140, at *2 (W.D. Tex. July 10, 2012). Although this Court and at least one other in this district have rejected this same contention, that is not sufficient to render the Government's position unjustified, and this Court finds that the decisions in cases such as *A.W.*, *Kim*, and *Kleinauskaite* provide indicia that a reasonable person could find the Government's position justified in substance given the state of the law, including administrative decisions and applicable regulations, and the facts of this matter. *See Johnson*, 416 F.3d at 210; *Pierce*, 487 U.S. at 568-69. As this Court finds that the Government's actions in this matter and in the underlying administrative case were substantially justified based on the facts and law currently presented, Petitioner's motion for attorney's fees is denied.

### III. CONCLUSION

For the reasons stated above, this Court denies Petitioner's motion for fees (ECF No. 15). An appropriate order follows.


Dated: July 17, 2019                              *s/ Susan D. Wigenton*
                                                  Hon. Susan D. Wigenton,
                                                  United States District Judge